UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN A. BAILEY, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Docket No.: 3:94CR166 (PCD) |
| | : | Docket No.: 3:05CV1220 (PCD) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## RULING ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT AND MOTION FOR SUMMARY JUDGMENT

On August 2, 2005, Petitioner Stephen A. Bailey filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the 156-month term of imprisonment to which he was sentenced by this Court in September, 1996, following his conviction for kidnapping. On March 20, 2006, Petitioner filed a motion for summary judgment on his § 2255 petition. Through no fault of the Petitioner, these motions have not come to the attention of the Court until this time. For the reasons that follow, Petitioner's motions [Doc. Nos. 1, 12] are hereby **denied.**

**I.      BACKGROUND**

On August 9, 1994, a federal grand jury in Hartford, Connecticut, returned an indictment charging Petitioner Bailey with two counts of Kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of Tampering with a Witness, in violation of 18 U.S.C. § 1512(b)(1). On October 1, 1996, pursuant to a plea agreement, Petitioner entered a guilty plea to one count of Kidnapping. On September 13, 1996, Petitioner was sentenced by this Court to 156 months of federal incarceration. Neither Petitioner nor the government took an appeal.

In August, 2005, Petitioner moved to vacate, set aside, or correct his sentence in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Petitioner also argues that his sentence should be corrected given an adjustment awarded to him by this Court

for the 30 months of time served in Massachusetts for conduct related to the instant offense. In different filings, Petitioner alternatively argues that the Court improperly compensated him for only 12 of the 30 months served, that the Federal Bureau of Prisons (BOP) has not properly credited him to the 12 months awarded by the Court, or that the BOP has compensated him for 12 but not the entire 30 months of time served.

**II.    DISCUSSION**

As a threshold question, the Court must determine whether Petitioner's § 2255 motion is timely. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, § 105, 110 Stat. 1220, which amended 28 U.S.C. § 2255 in several respects. In particular, a one-year statute of limitations was enacted for § 2255 filings. AEDPA provides that the one-year limitation period shall run from the latest of "(1) the date on which the judgment of conviction becomes final; ... or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6(3).

In this case, Petitioner's claims are time-barred because the § 2255 motion was filed more than a year after his conviction became final, and he has not shown that he is entitled to equitable tolling. Petitioner was sentenced on September 13, 1996, the judgment against him was entered on September 27, 1996, and his conviction became final ten days later when the time to file an appeal expired. Moshier v. U.S., 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). However, Petitioner waited until August, 2005, to file his § 2255 motion, nearly nine after his conviction became final. Because Petitioner has failed to demonstrate that

he qualifies either for an exception to the statute of limitations or for equitable tolling,[1] Petitioner's § 2225 motion is procedurally barred.

In his filings, Petitioner relies on United States v. Booker to claim that he is entitled to relief because of "newly discovered evidence." Because Petitioner does not cite any newly discovered evidence in his filings, it appears that his claim is better characterized as a claim for collateral relief due to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 ¶ 8. However, this claim is without merit because Booker does not retroactively apply to cases on collateral review. In Booker, the Supreme Court held that the Federal Sentencing Guidelines, which until that time had been mandatory guidelines in all federal sentences, violated the Sixth Amendment and would continue only in an advisory capacity. United States v. Booker, 543 U.S. 220 (2005). The Booker Court explicitly held that the decision would retroactively apply to all cases pending on direct review or not yet final, id. at 268, but it did not make any explicit statement regarding cases on collateral review. However, the Second Circuit has since held that Booker does not retroactively apply to cases on collateral review. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005). Accordingly, Booker cannot apply to Petitioner's collateral

---

[1] The one-year statute of limitations of AEDPA may be equitably tolled where "extraordinary or exceptional circumstances" prevented the petition from being filed in a timely manner, but only if the prisoner "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000); see also Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005); Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). The burden is on the petitioner to show that the Court should toll the statute of limitations. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir.2001). Examples of where courts have tolled the statute include "egregious attorney misconduct, the intentional confiscation of legal papers by prison authorities, serious physical or mental illness which prevents the petitioner from filing, or where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired." Khan v. U.S., 414 F. Supp. 2d 210, 216 (E.D.N.Y. 2006) (citations omitted). Petitioner has made no showing as to why this Court should equitably toll the statute of limitations.

challenge to his conviction, which became final long before January 12, 2005, the date that Booker was issued. See id. Petitioner's claim is therefore without merit and must be denied. Although the Court acknowledges and appreciates the remorse for the crimes he committed that Petitioner expresses in his briefs, Petitioner does not appear to be entitled to any relief that the Court can afford him at this time.

To the extent Petitioner claims that the Bureau of Prisons has not properly adjusted his sentence for time served in Massachusetts, that is an issue to be taken up directly with the Bureau of Prisons. In effect, Petitioner is requesting the BOP to recalculate his release date, and such claim is properly brought in a motion pursuant to 28 U.S.C. § 2241(c)(3). See Carmona v. U.S. Bureau of Prisons, 243 F .3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."); Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) ("[a] motion pursuant to [section] 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."). Regardless of the vehicle of Petitioner's request, a petitioner must first exhaust his administrative remedies before seeking judicial review of a BOP decision. See Carmona, 243 F.3d at 634. It does not appear that Petitioner has brought his claim before the BOP and exhausted his administrative remedies, in which case this Court lacks jurisdiction to review his claims regarding the calculation of his release date based on an adjustment for time served.

### III.    CONCLUSION

For the foregoing reasons, Petitioner's motions [Doc. Nos. 1, 12] are **denied**. Petitioner is reminded that he may petition the Bureau of Prisons for a remedy regarding his claim of improper adjustment of his sentence, and he is free to move this Court to appoint him counsel to assist him in doing so.

SO ORDERED.

Dated at New Haven, Connecticut, this 21st day of June, 2007.

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court